IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID CABELLO,  :
:
    Plaintiff  :
: CIVIL NO. 1:CV-08-1334
    vs.  :
: (Judge Caldwell)
JAMES L. GRACE,  :
SUPERINTENDENT, *ET AL*.,  :
:
    Defendants  :

*M E M O R A N D U M*

I. *Introduction*

Plaintiff, an inmate at the State Correctional Institution at Huntingdon, Huntingdon, Pennsylvania (SCI-Huntingdon), filed this civil-rights action seeking damages based on the defendants' actions of improperly diagnosing and treating him for type II diabetes. (Doc. 32 and 32-2, Am. Compl.) Cabello also asserts a claim of retaliation against one defendant whom he claims issued him a retaliatory misconduct after he complained of inadequate medical care. *Id.* Presently before the Court are two motions for preliminary injunction filed by Cabello. *See* Docs. 75 and 112. For the reasons that follow, we will deny Plaintiff's motions.

II.  *Background*

   A.  *Procedural History*

Originally, Cabello named two groups of individuals, all of whom who worked at SCI-Huntingdon, as defendants.  The first group, those employed by the Pennsylvania Department of Corrections (DOC), were dismissed on December 9, 2008, after the Court resolved a motion to dismiss in their favor.  *See* Doc. 59.  The second group consists of those individuals employed by the contract medical-care provider: Physician's Assistant (PA) Angela Auman, Dr. Olga Beresgovskava, Dr. Luis Araneda, and Dr. Joseph Romeo.  On August 21, 2009, the Court granted in part and denied in part the medical defendants' motion to dismiss.  *See* Doc. 105.  Cabello's retaliation claims against Drs. Auman, Beresgovskaya, Araneda and Romeo were dismissed for failure to state a claim, and the remainder of the motion was denied.  *Id.*  Cabello was granted twenty days to amend his retaliation claims against the named physicians but failed to do so.  Thus, after resolving various motions to dismiss, only the following claims exist against the contract medical-care providers: (1) a claim of retaliation against PA Auman; and (2) an Eighth Amendment claim of deliberate indifference against all medical defendants for their diagnosis and treatment of Plaintif's alleged diabetic condition.  *Id.*

In December 2009, the Court temporarily stayed these proceedings while Cabello was receiving mental health treatment at SCI-Waymart's forensic facility.  *See* Doc. 119.  Upon his February 2010 return to his parent facility, SCI-Huntingdon, Cabello alerted the Court that he was ready to proceed with his deposition and other matters in this case.

*See* Doc. 120.  On February 24, 2010, the Court noted Cabello's ability and willingness to proceed and directed that defendants may move forward with Plaintiff's deposition.  *See* Doc. 121.

> B.   *Cabello's Preliminary Injunction Motions*

Cabello's first motion for preliminary injunction (doc. 75) was filed simultaneously in the present action and in a second, now closed, case, No. 1:09-CV-0572.[1]  Cabello contends that "his health and safety are in disrepute and danger due to repeated negligent medical treatment" as a result of the injury caused by PA Auman, Dr. Beragovskaya, Dr. Araneda, and Dr. Romeo in the improper handling of his diabetic condition.  He seeks an order "compelling the medical staff at SCI-Huntingdon to perform their pre-existing duties under the constitution by conducting a full and adequate medical work-up to determine what harm has been caused by the repeated negligent medical treatment or perhaps intentional mistreatment" of the defendants and demands a "special diet suitable for the injury." (Doc. 75, Mot. for Prelim. Inj. at R. 3).[2]  He also seeks an order compelling SCI-Huntingdon officials to immediately transfer him to another facility to reduce the likelihood of defendants further harming him.  *Id.*  In support of his motion he offers his

---

[1] Cabello withdrew his second action acknowledging that he had not yet exhausted his available administrative remedies as to claims regarding the improper administration of medication which was inducing hypothyroidism.  *See Cabello v. Shoaf*, No. 1:09-CV-0572 (M.D. Pa.)

[2] Unless otherwise noted, all citations to the record reflect the docket number and page number assigned by the electronic case filing system (CM/ECF) rather than the page numbers of the original documents.

-3-

own declaration which recites the allegations of his Amended Complaint against the medical defendants. (*See* Doc. 76, Cabello Decl.)

In his second motion for preliminary injunction (doc. 112), Cabello argues that medical staff at SCI-Huntingdon, who are not named defendants, "continue to be deliberately indifferent to a serious medical need (diabetes), by administering" other medications "which increase the chances of [him] developing diabetes, worsen glycemic control, and increase insulin/diabetic medication requirements." *Id.* at R. 2. Aside from his own declaration, Cabello provides no medical documentation to demonstrate his alleged unstable or deteriorating medical condition or imminent harm to his health. In their opposition materials, defendants note that PA Auman, Dr. Beresgovskava, and Dr. Romeo no longer work at SCI-Huntingdon. (Doc. 89, Medical Defs.' Resp. to Pl.'s Mot. for Prelim. Inj. at R. 1). The sole remaining medical defendant at SCI-Huntingdon is Dr. Araneda, who is not David Cabello's primary physician. *Id.* Based on their lack of involvement in Plaintiff's present-day care, and the absence of any medical evidence to support his claims of immediate injury, defendants suggest the motions be denied. They further cite to Cabello's admission that since refusing to take the Metaformin in December 2007, he has "not suffered from the recurring side effects and adverse symptoms" of the prescribed medication. (Doc. 23, Am. Compl. at ¶ 21).

The Court takes judicial notice of the following facts that have previously been established by the record in this case. SCI-Huntingdon's Corrections Health Care Administrator (CHCA), and former defendant, Mary Lou Showalter, submitted an affidavit that affirms that Cabello was diagnosed with borderline type II Diabetes in 2006, and

-4-

prescribed Glucophage. Cabello, after claiming to experiencing side effects from the Glucophage, stopped taking it on December 1, 2007, at which time the symptoms of the side effects stopped. Additionally, the monitoring of Cabello's blood-sugar levels by medical staff ceased after Cabello refused to attend Diabetic Chronic Clinic on May 3, 2008, and signed a Release from Responsibility for Medical Treatment on that date. Nonetheless, CHCA Showalter states Cabello continued to receive multiple blood tests, including one on October 22, 2008, which revealed Cabello's blood sugar was within normal limits. (Doc. 55, Showalter Decl. at RR. 3-5). Cabello did not sign up again for sick call until September 25, 2008. (*Id.* at R. 5). Whether Cabello has visited sick call since that time, or had additional blood work is unknown as this information was not provided by either party.

III. *Standard of Review*

A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. *Acierno v. New Castle County*, 40 F.3d 645, 647 (3d Cir. 1994). An injunction is an "extraordinary remedy" that is never awarded as of right. *Winter v. Natural Res. Def. Council*, ___ U.S. ___, ___, 129 S.Ct. 365, 375, 172 L.Ed.2d 249 (2008); *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). As such, it should be granted only if the requesting party shows: (1) a likelihood of success on the merits; (2) irreparable harm resulting from the denial of relief; (3) granting the injunction will not result in irreparable harm to the non-moving party; and (4) granting the injunction is in the public interest.

*Liberty Lincoln-Mercury, Inc. v. Ford Motor Co.*, 562 F.3d 553 (3d Cir. 2009)((citing *McNeil Nutritionals, LLC v. Heartland Sweeteners, LLC*, 511 F.3d 350, 356 - 57 (3d Cir. 2007)). Preliminary relief may never issue absent a showing of *likely* irreparable injury. *Winters,* ___ U.S. at ___, 129 S.Ct. at 375. A party's failure to establish any element in its favor renders a preliminary injunction inappropriate. *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 192 (3d Cir. 1990).

*IV.  Discussion*

This case is premised, for the most part, on the medical defendants' alleged mistreatment of Cabello's diabetic condition for which he believes he was prescribed an inappropriate amount of Glucophage/Metaformin, and once he started experience negative side effects from this medication, his concerns were ignored. Cabello's motions are motivated by two primary concerns: (1) a complete medical work up to determine the "harm" caused by the overdose of Metaformin on his present health; and (2) a transfer to another correctional facility so defendants will not withhold necessary medical treatment from him in retaliation for this litigation. (Docs. 75 and 76).

As to the first concern, Cabello fails to meet his burden of showing that his health/safety warrants a preliminary injunction because he has not shown a likelihood irreparable injury. Although he believes he suffered physical harm as a result of taking the Metaformin, he admits in his Amended Complaint that once he ceased taking it in December 2007, "he has not suffered from the recurring side effects, and adverse symptoms" of the medication. (Doc. 32 at R. 5 ¶ 20). He provides no allegations or

evidence indicating that he continues to suffer any side-effects or harm as a result of taking the Metaformin.  Likewise, Cabello fails to produce any evidence that he has been denied medical attention at SCI-Huntingdon for any present medical complaints, or that any of his current medical ailments are related to his use of Metaformin.  Finally, based on medical evidence in the record, it appears that post-December 2007 blood work on Cabello revealed his blood sugar to be within normal limits without the use of further diabetes medication.  (Doc. 55, Showalter Decl. at RR. 3-5).   Under the conditions presented, there is no evidence that Cabello's health will be irreparably harmed without a court-mandated medical evaluation due to his past use of Metaformin, which ceased over two years ago.

Turning to Cabello's second concern, he argues the necessity of a transfer to another correctional facility so his health and safety are not further compromised by the named defendants.  (Doc. 76 at R. 4).  As defendants aptly note, only one of the named medical defendants continues to work at SCI-Huntingdon, Dr. Araneda, who is not Cabello's primary physician.  (Doc. 89 at RR. 1 - 2).  While Cabello may have complaints about his present medical care by his current medical providers, none of them are named defendants, and thus he must present and address such claims in a separate action.[3]  Again, absent a showing of likely irreparable injury, regardless of Cabello's ability to state an Eighth Amendment claim, or ultimate ability to make a showing on the merits of such a

---

[3]  "There is a substantial threat of irreparable harm if the injunction is not granted.  As a result of there being sufficient facts pled to show that each of the defendants was deliberately indifferent to plaintiff's medical needs; the contract workers for Prison Health Services at SCI-Huntingdon *continue to be deliberately indifferent* to a serious medical need (diabetes), by administering medications (Levothyroxine, and Risperdal, Depakote, Prozac, Buspar and Remeron) to the Plaintiff which increase the chances of developing diabetes, worsen glycemic control, and increase insulin/diabetic medication requirements."  (Doc. 112, Pl.'s Mot. for Prelim. Inj. at RR. 1 - 2)(emphasis added).

claim, a granting of preliminary relief is inappropriate.  *See Winters,* ___ U.S. at ___, 129 S.Ct. at 375.  The current actions of Cabello's medical care providers cannot serve as a basis for injunctive relief.  A preliminary injunction in this case can be based only on conduct by the named defendants and alleged in the complaint.  Given the absence of the named medical defendants involvement in Cabello's present medical care, Cabello has not shown that he is likely to suffer an irreparable injury if not transferred to another facility.

We will issue an appropriate order.

<u>/s/William W. Caldwell</u>
William W. Caldwell
United States District Judge

Date: March 26, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID CABELLO,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　Plaintiff　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　: CIVIL NO. 1:CV-08-1334
　　vs.　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　: (Judge Caldwell)
JAMES L. GRACE,　　　　　　　　　:
SUPERINTENDENT, *ET AL.*,　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　Defendants　　　　　　　　　　:

O R D E R

AND NOW, this 26th day of March, 2010, for the reasons set forth in the accompanying Memorandum, it is ordered that:

1. Plaintiff's Motion for Preliminary Injunction (doc. 75) is denied.

2. Plaintiff's Motion for Preliminary Injunction (doc. 112) is denied.

　　　　　　　　　　　　　　　　　/s/William W. Caldwell
　　　　　　　　　　　　　　　　　William W. Caldwell
　　　　　　　　　　　　　　　　　United States District Judge